# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| VIRGINIA LINGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:16-cv-01168 |
| | ) | |
| AETNA LIFE INSURANCE CO., | ) | |
| | ) | |
| Serve at: | ) | |
| Plan Administrator | ) | |
| Tyco Group Healthcare LP | ) | |
| 15 Hampshire Street | ) | |
| Mansfield, MA 02048 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff, Virginia Lingo, by and through counsel, Bollwerk & Tatlow, LLC, and for her Complaint states as follows:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sec. 1001 et seq. (ERISA), to recover benefits due under an employee benefit plan, and to recover costs and attorneys' fees.

## JURISDICTION AND VENUE

2. This is an action brought pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Under 29 U.S.C. § 1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this District Court pursuant to 29 U.S.C. § 1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, or a Defendant resides or may be found in this District, and, pursuant to 28 U.S.C. § 1391(b), in that the cause of action

arose in this District.

## PARTIES

4. Plaintiff Virginia Lingo (hereinafter "Plaintiff") is an individual residing in Missouri. Plaintiff is a participant in a group long term disability ("LTD") plan (the "Plan") provided by her employer, Covidien.

5. Defendant Aetna Life Insurance Company ("Aetna") is responsible for both administering the Plan and paying any benefits owed under the Plan.

## RECOVERY OF BENEFITS DUE

6. All preceding paragraphs are fully incorporated herein.

7. Plaintiff ceased working on or about January 18, 2012 and applied for LTD benefits under the Plan on or about May 24, 2012. Aetna granted Plaintiff's claim and paid benefits there under.

8. As required by Aetna, Plaintiff applied for and was granted Social Security Disability benefits by the Social Security Administration in 2012.

9. Aetna reversed its approval of Plaintiff's LTD claim under the Plan on or about March 31, 2014, terminating her benefits thereunder. Plaintiff appealed. Aetna issued a final denial of Plaintiff's claim on or about November 7, 2014, based entirely on a medical examination and report by a Dr. Jane Elliot.

10. Plaintiff satisfied all requirements for LTD benefits under the Plan, and was and is entitled to such benefits.

11. Plaintiff was not able to perform the material duties of her own occupation due to illnesses and injuries during the first 24 months of disability, and thereafter he was not able to work any reasonable occupation solely due to her illnesses and injuries.

2

12. The illnesses and injuries giving rise to Plaintiff's LTD claim include, but are not limited to: degenerative disc disease; stenosis; low back pain; fibromyalgia; spondyloslisthesis; lumbar radiculitis; hyperlipidemia; right knee meniscus tear; chondromalacia; right elbow lateral epicondylitis with focal partial intrasubstance tear; tendinitis; radial head osteoarthritis; depression; and anxiety.

13. Prudential arbitrarily, capriciously, and unreasonably terminated Plaintiff's LTD claim in numerous ways, including but not limited to, the following:

   a. Requiring objective medical records to prove the disability;
   b. Ignoring and failing to take into account numerous objective medical records that Plaintiff provided;
   c. Failing to provide all objective medical records to Dr. Elliot to determine if her opinion would change;
   d. Relying on the opinion of Dr. Elliot, when she did not have all relevant medical records;
   e. Relying on the opinion of Dr. Elliot, when she demonstrated clear bias toward Plaintiff;
   f. Relying on the non-medical, subjective, and completely inappropriate opinions of Dr. Elliot that Plaintiff was "manipulative," had a "strong desire to stay on disability," was engaging in "symptom magnification," and others;
   g. Ignoring and contradicting the Social Security Administration's finding that Plaintiff was totally disabled;
   h. Ignoring and failing to take into account all of Plaintiff's statements;
   i. Ignoring the statements provided by Plaintiff's treating physicians, including but

3

not limited to Dr. Hobbs and Dr. Grabowski, both of whom found Plaintiff was totally disabled and unable to work;

j. Terminating Plaintiff's benefits when there was no evidence her condition had improved; and

k. Failing to have an appropriate medical expert make all the medical judgments used as the basis for denying Plaintiff's claim.

14. Due to the procedural irregularities described above, Aetna is not entitled to deferential review.

WHEREFORE, Plaintiff respectfully asks the Court to award him benefits under the Plan, for prejudgment interest, post judgment interest, attorneys' fees, and costs, and for such other legal, equitable, or procedural relief as the Court finds appropriate.

Respectfully submitted,

//S// Phillip A. Tatlow
Phillip A. Tatlow, #41364 MO
Bollwerk & Tatlow, LLC
10525 Big Bend Boulevard
Kirkwood, MO 63122
(314) 315-8111 (314) 315-8113 (Fax)
pat@bollwerktatlow.com